IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SIMONES,

        Plaintiff,

v.                                                                                               No. 17cv495 WJ/SCY

TERESA DOMINGUEZ,
JOHN DOES, and
MICHAEL TAVENNER (pending),

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Complaint, Doc. 1, filed April 18, 2017, on his Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees, Doc. 6, filed May 4, 2017 ("IFP Motion"),[1] and on his Ex Parte Application for Injunctive Relief in Affidavit Form for an Order for Agent Teresa Dominguez to Cease All Collection Activity and Sale of Property Belonging to James Simones, Doc. 7, filed May 4, 2017 ("Motion to Restrain Collection"). For the reasons stated below, the Court will **GRANT** the IFP Motion, **DISMISS** the Complaint **without prejudice**, and **DENY** his Motion to Restrain Collection. Plaintiff shall have 14 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who

---

[1] The Court construes Plaintiff's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees as a motion to proceed in this District Court without prepayment of costs or fees.

submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's IFP Motion because: (i) Plaintiff is 70 years old, disabled, and unemployed; (ii) the Internal Revenue Service ("IRS") has seized Plaintiff's vehicle, all the funds in his bank account and a portion of his Social Security benefits; and (iii) Plaintiff owns no assets.

**Dismissal of the Complaint and Denial of Motion to Restrain Collection**

This case arises out of the seizure by the IRS of Plaintiff's truck, travel trailer, all of the funds from his bank account, and portions of his Social Security and veterans disability benefits. *See* Complaint ¶ 4 at 2, ¶ 35 at 5. Plaintiff alleges that the seizures were unlawful because the

IRS did not have probable cause or a court order, and because some IRS procedures were allegedly not followed. Plaintiff states that the "Prime Question Before the Court" is:

> Does a Person purporting to act for the government restricted by the enclave clause of the Constitution have the authority to seize Claimant's private property in the private sector (Moriarty New Mexico) without a properly signed warrant based upon probable cause, supported by an oath, and issued by a bonafide judge?

Complaint ¶ 102 at 16. Plaintiff seeks to have his seized property returned and for the Court to restrain all collection activity by the IRS. *See* Complaint ¶ 104 at 17; Motion to Restrain Collection at 6 (seeking "injunctive relief to restrain Agent Teresa L. Dominguez and her fellow lawbreakers . . . from all arbitrary and oppressive collection activity"). Plaintiff also alleges that Defendants violated his constitutional rights "to give rise to liability under 42 U.S.C. § 1983." Complaint ¶ 45 at 7, ¶ 55 at 9.

The Court will dismiss Plaintiff's claims in his Complaint seeking to restrain the IRS's collection activity and deny his Motion to Restrain. The Anti-Injunction Statute prohibits suits to restrain the assessment or collection of taxes:

> **Tax.**--Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a). The Complaint does not allege that this case falls within any of the exceptions listed in the Anti-Injunction Statute.

The Court will also dismiss Plaintiff's claims seeking the return of his seized property and damages. Statutes governing suits for refunds and damages require that a taxpayer first file a claim for a refund with the IRS and exhaust administrative remedies for damages available to the plaintiff within the IRS:

3

> **No suit prior to filing claim for refund.**--*No suit or proceeding shall be maintained in any court* for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary*, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (*emphasis added*).

> **(a) In general.**--If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.
>
> **(d) Limitations.--**
> **(1) Requirement that administrative remedies be exhausted.**--*A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*

26 U.S.C. § 7433(a) and (d) (*emphasis added*) (subsection (b) sets limits on damage awards). There are no allegations in the Complaint that Plaintiff has filed a claim for a refund with the IRS or has exhausted the administrative remedies available to him within the IRS.

Plaintiff also asserts claims of "Theft Under State Law in Violation of the New Mexico Constitution and NM Statutes." Complaint at 15. Having dismissed all of Plaintiff's federal law claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").

Having dismissed all of Plaintiff's federal law claims and declining to exercise supplemental jurisdiction over Plaintiff's state law claims, the Court will dismiss the Complaint

without prejudice.  Plaintiff may file an amended complaint within 14 days of entry of this Order.  Failure to timely file an amended complaint may result in dismissal of this case.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. The Court will order service if Plaintiff timely files an amended complaint which shows this Court has jurisdiction, states a claim, and includes the addresses of every defendant named in the amended complaint.

**IT IS ORDERED** that:

(i) Plaintiff's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees, Doc. 6, filed May 4, 2017, is **GRANTED;**

(ii) Plaintiff's Ex Parte Application for Injunctive Relief in Affidavit Form for an Order for Agent Teresa Dominguez to Cease All Collection Activity and Sale of Property Belonging to James Simones, Doc. 7, filed May 4, 2017, is **DENIED;** and

(iii) Plaintiff's Complaint, Doc. 1, filed April 18, 2017 is **DISMISSED without prejudice.**  Plaintiff shall have 14 days from entry of this Order to file an amended complaint.

_____
**UNITED STATES DISTRICT JUDGE**